UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

WAYNE FRANCIS EDSON, ON BEHALF OF
HIMSELF AND SIMILARLY SITUATED
PERSONS,

    PLAINTIFFS,

v.

PARAGON CONTRACTING SERVICES,
LLC; SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC; TEAM HEALTH, LLC;
TEAM HEALTH BILLING SERVICES, L.P.; and
TEAM FINANCE, LLC;

    DEFENDANTS.

## CLASS ACTION COMPLAINT

Plaintiff, Wayne Francis Edson, on behalf of himself and similarly situated persons, by and through undersigned counsel, hereby files this Class Action Complaint:

### INTRODUCTION

1. This case involves Defendants' systematic pattern and practice of violating the Florida Workers' Compensation Act's ("FWCA") strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida. Fla. Stat. 440.13(13)(a). The statute also clearly provides that claimants are not legally responsible for such bills. Fla. Stat. 440.13(3)(g). This practice also violates the Florida Consumer Collections Practices Act ("FCCPA") and the federal Fair Debt Collection Practices Act ("FDCPA"). Furthermore, Defendants violated the FDCPA by failing to properly identify themselves as debt collectors and advise consumers of their rights whenever Defendants sent out their initial debt collection letters, and by failing to abide by other FDCPA requirements set forth herein. This action should be maintained as a class action pursuant to Rule 23 of

1

the Federal Rules of Civil Procedure because there is numerosity, commonality, typicality, adequacy, and superiority.

## JURISDICTION AND VENUE

2. This action arises under diversity jurisdiction, as Plaintiff is a resident of Florida and one or more Defendants are Tennessee corporations. This Court also had federal question jurisdiction because Plaintiff sues, *inter alia*, under a federal statute, the Fair Debt Collection Practices Act.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because Defendant has regularly conducted business in this District, the debt collection letter to Mr. Edson was sent from this District, and it was received in this District.

## PARTIES

5. Plaintiff **Wayne Francis Edson** is a person of the full age of majority, domiciled and residing in Palm Beach County, Florida, specifically at 1201 West Broward Street, Lantana, Florida 33462-3013.

6. Defendant **Paragon Contracting Services, LLC** ("Paragon") is registered with the State of Florida as an active Florida limited liability company, with a principal business address of 5870 North Hiatus Road, Suite 200, Tamarac, Florida 33321.

7. Paragon appears to also have a location at 14050 NW 14 St., Suite 190, Sunrise, FL 33323-2851.

8. Paragon was formerly known as Paragon Contracting Services, Inc.

9. Paragon provides outsourced physician staffing and administrative services, including patient billing and debt collection services, to health care providers throughout the United States.

10. Defendant **Team Finance, LLC** is a Tennessee corporation with a principal business address of 1900 Winston Road, Knoxville, TN 37919.

11. Team Finance, LLC provides outsourced physician staffing and administrative services, including patient billing and debt collection services, to health care providers.

12. Team Finance, LLC has 6,200 employees, according to bloomberg.com.

13. Defendant **Team Health, LLC**, formerly Team Health Inc., is a Tennessee corporation with a principal business address of 265 Brookview Centre Way, Suite 400, Knoxville, TN 37919-4052.

14. Team Health, LLC provides outsourced physician staffing and administrative services, including patient billing and debt collection services, to health care providers.

15. Team Health, LLC has contracted with approximately 3,900 independent contractor physicians in as many as 47 states to handle administrative services at approximately 3,300 hospitals across the country.

16. Defendant **Team Health Billing Services, L.P.** is a Tennessee corporation with a principal business address of 1900 Winston Road, Suite 300, Knoxville, TN 37919.

17. Team Health Billing Services, L.P. provides outsourced physician staffing and administrative services, including patient billing and debt collection services, to health care providers.

18. Defendant **Southwest Florida Emergency Management, LLC** is an active Florida

limited liability company, with a principal business address of 5870 N. Hiatus Rd., Suite 200, Tamarac, FL 33321.

19. Southwest Florida Emergency Management, LLC's member, as listed with the Florida Division of Corporations, is Team Finance LLC.

20. Southwest Florida Emergency Management, LLC provides outsourced physician staffing and administrative services, including patient billing and debt collection services, to health care providers.

21. At all relevant times herein, Defendants together have constituted a unified, joint enterprise that conducted all of the acts described herein. They collectively have provided outsourced physician staffing and administrative services, including patient billing and debt collection services, to health care providers.

22. Defendants jointly sent debt collection letters to patients/consumers in the unlawful manners set forth herein—by sending them for collection to workers' compensation claimants who are Florida residents, by failing to properly identify themselves, by failing to advise consumers of their rights whenever Defendants sent out their initial debt collection letters, and by failing to adhere to the other FDCPA requirements stated below in the section entitled "Fair Debt Collection Practices Act."

## THE FLORIDA WORKERS' COMPENSATION ACT

23. The Florida Workers' Compensation Act ("FWCA"), Florida Statutes, Chapter 440, provides that a health care provider may not collect or receive a fee from a workers' compensation claimant in the state of Florida.

24. Specifically, Florida Statute 440.13(13)(a) states in relevant part: "A health care provider may not collect or receive a fee from an injured employee within this state, except as

4

otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter."

25. The FWCA also provides that patients are not legally responsible for such bills.

26. Specifically, Florida Statute 440.13(3)(g) states that "[t]he employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section." F.S. 440.13(3)(g).

27. These provisions were enacted to prevent employees, after suffering an injury in or about the workplace, from receiving annoying and/or harassing debt collection letters. Instead, such bills/letters must be sent, if at all, to the employer or the insurance carrier for the employer.

28. The FWCA defines "employee" in Florida Statute 440.02(15)(a) and (b).

29. Plaintiff and similarly situated persons were "employees" under Florida Statute 440.02(15)(a) and (b).

30. The FWCA is a strict liability statute.

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. The Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes, Chapter 559.55 *et seq.*, was enacted to eliminate abusive, unfair, and deceptive debt collection practices in the State of Florida.

32. Defendants are "consumer collection agencies" under F.S. 559.55(3) because each acted as a "debt collector or business entity engaged in the business of soliciting consumer debts for collection or collecting consumer debts…."

33. Defendants are "debt collectors" under F.S. 559.55(3) because they have used an "instrumentality of commerce within this state, whether initiated from within or outside

this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term 'debt collector' includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts."

34. The FCCPA requires that consumer collection agencies that are engaged in business in Florida first register in accordance with F.S. 559.55(3), and regularly renew such registration. *Id.*; F.S. 559.55(5).

35. The FCCPA prohibits debt collectors, consumer collection agencies, and original creditors from "willfully communicat[ing] with the debtor…with such frequency as can reasonably be expected to harass the debtor…, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor…." F.S. 559.72(7).

36. The FCCPA prohibits debt collectors, consumer collection agencies, and original creditors from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." F.S. 559.72(9).

37. The FCCPA prohibits debt collectors, consumer collection agencies, and original creditors from "[c]ommunicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents a direct communication with the debtor, or unless the debtor initiates the communication." F.S. 559.72(18).

38. Acting as consumer collection agencies and/or debt collectors (or alternatively as creditors), Defendants have violated all of the above-cited provisions of the FCCPA, in their use of the form debt collection notice/letter described in the "FACTS" section below.

39. Because the FWCA prohibits health care providers from collecting or receiving fees from injured employees in the state of Florida, it is a violation of the FCCPA for a health care provider or its agent to attempt to collect a debt from workers' compensation claimants.

## THE FAIR DEBT COLLECTION PRACTICES ACT

40. The federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, makes it illegal for debt collectors to engage in abusive, false, and unfair collection practices. See 15 U.S.C. § 1692a.

41. The FDCPA is a strict liability statute.

42. FDCPA liability is evaluated under the "least sophisticated consumer" standard.

43. Plaintiff and similarly situated persons are "consumers" under the FDCPA, 15 U.S.C. §1692d.

44. Defendants are debt collectors under the FDCPA, 15 U.S.C. §1692a(6). They regularly attempt to collect debts alleged to be due to another, and/or collected debts in a manner that made it appear that an independent company was involved—the companies named in the invoices/debt collection letters. *Id.*

45. The invoices and/or debt collection letters described herein were deceiving, unfair, and/or misleading under this standard, because they constituted an attempt to collect a debt that is not legally owed by the patient/workers' compensation claimant.

7

46. Under the FDCPA, it is illegal to make a demand for payment that does not comply with relevant state law. *See, e.g., Newman v. Checkrite California*, 912 F. Supp. 1354 (E.D. Cal. 1995).

47. The FDCPA requires that the initial written letter/notice from a debt collector state that it is "from a debt collector attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692f(11).

48. The FDCPA prohibits the making of a false representation as to the character, amount, or legal status of any debt. 15 U.S.C. §1692f(2)(A).

49. The FDCPA prohibits the making of a threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §1692f(5).

50. The FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692f(10).

51. The FDCPA prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. 15 U.S.C. §1692f(14).

52. The FDCPA prohibits a debt collector from failing, within five days after the initial communication with a consumer, to send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and the other information required by 15 U.S.C. §1692h(a)(1)-(5).

53. Defendants have violated all of the above-cited provisions of the FDCPA, in their use of the form bill/debt collection notice/letter described in the "FACTS" section below.

# FACTS

54. Defendants jointly engage in a high-volume medical debt collection business.

55. On or about August 18, 2016, Mr. Edson was involved in a work-related accident while working for his employer, Lumes Interiors.

56. On or about August 18, 2016, Mr. Edson initiated a workers' compensation claim under Florida Statute 440 by filing a Notice of Injury.

57. On or about February 13, 2017, Mr. Edson filed a workers' compensation petition for benefits under Florida Statute 440, specifically OJCC case number 17-003622CJS, captioned "Wayne Edson, Employee/Claimant vs. Lumes Interiors, Employer, and Hartford Casualty Insurance Company, Carrier/Servicing Agent." As stated in the Petition, Hartford Casualty Insurance Company was Lumes Interiors' workers' compensation carrier.

58. On or about September 6, 2017, Mr. Edson was treated in the emergency room at St. Mary's Medical Center. His medical treatment included services rendered by Kyle A. Gerakopoulos, M.D.

59. On or about September 25, 2017, Defendants sent Mr. Edson a debt collection letter/notice by U.S. Mail.

60. The debt collection letter/notice stated that the letter/notice came from "Plantation Billing Center, PO Box 459077, Sunrise, FL 33345-9077."

61. The letter/notice also indicated that "Paragon Contracting Srv, LLC" was located at that address.

62. The letter/notice also indicated that it covered invoice # 194738630 for an emergency department visit on September 6, 2017, with [health care] provider Kyle A Gerakopoulos M.D.

63. The letter/notice indicated that the invoice represented a physician services bill, separate from the hospital bill.

64. The letter/notice stated that "patient" Wayne Edson was obligated to pay the "amt. due" of $1,957.00 for "physician services rendered at: St Mary's Medical Ctr."

65. Hence, Defendants were sending the bill/invoice/debt collection letter on behalf of Dr. Kyle A Gerakopoulos for the services he rendered at St. Mary's Medical Center.

66. The letter/notice stated that the account number was 27413908-30-3004.

67. The letter/notice directed the recipient to a website located at [www.thbillpay.com](www.thbillpay.com), a website operated by Team Health.

68. The letter/notice demanded that payment be made.

69. The letter/notice stated that checks should be made "payable to Paragon Contracting Srv, LLC PO Box 740022 Cincinnati OH 45274-0022."

70. Although the letter/notice/debt collection letter was the initial written communication with Mr. Edson, it did not state that the letter/notice was "from a debt collector attempting to collect a debt and that any information obtained will be used for that purpose."

71. Upon information and belief, Defendants sent additional, similar invoices/debt collection letters to Mr. Edson after September 25, 2017. Demand is made that Defendants preserve and maintain all of its records and documents concerning the billing of, and debt collections letters to, Mr. Edson and all other patients/consumers.

72. Defendants knew or should have known, at the time it sent these invoices/debt collections letters, that Mr. Edson was a Florida workers' compensation claimant or had suffered a work-related accident or injury.

73. A simple 30-second look at the Judge of Compensation Claims public website (www.jcc.state.fl.us/jcc), specifically by searching for the Plaintiff's name at the page located at www.jcc.state.fl.us/JCC/searchJCC/searchCases.asp), would have revealed to Defendants that he had a pending workers' compensation claim.

74. Upon information and belief, Defendants have never engaged in this simple process of reviewing the Judge of Compensation Claims public website, nor have they undertaken any other procedure to determine whether medical bills are linked to claims that are covered by the FWCA.

75. This is prima facie evidence that Defendants do not maintain adequate procedures to avoid billing, and engaging in debt collection activities, with respect to injured workers with workers' compensation claims in Florida.

76. Nonetheless, Defendants sent the debt collection letters to him, in violation of Sections 440.13(3)(g) and 440.13(13)(a) of the Florida Workers' Compensation Statute.

77. As stated above, Section 440.13(3)(g) of the Florida Workers' Compensation Statute provides: "The employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section."

78. As also stated above, Section 440.13(13)(a) of the Florida Workers' Compensation Statute provides: "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter."

79. Based on the statutory language of Chapter 440, Mr. Edson and similarly situated persons

had no obligation, and were not liable for, the alleged outstanding debts claimed by Defendants, and therefore never should have been sent the invoices/debt collection letters described above.

## CLASS ACTION ALLEGATIONS

80. Upon information and belief, Defendant not only has sent unlawful invoices/debt collection letters to Mr. Edson, but also has sent them to numerous other Florida residents who had filed workers' compensation claims.

81. Upon information and belief, Defendant has recklessly and intentionally engaged in a systematic pattern and practice of violating the Florida Workers' Compensation Statute's strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida.

82. Upon information and belief, Defendant has taken no actions to determine whether patients are Florida workers' compensation claimants.

83. In addition, the form debt collection notice/letter sent to Plaintiff and similarly situated persons also violated the requirements of the FCCPA and the FDCPA cited above.

84. **Class Definitions.** Mr. Edson seeks certification of the following classes of similarly situated persons:

*> All persons who, on or after August 3, 2017, were Florida residents and had a pending workers' compensation claim in the State of Florida when Defendants sent them a bill, invoice, notice of debt, and/or debt collection letter concerning medical services.*

*> All persons who, on or after August 3, 2017, any of the Defendants sent a debt collection letter which did not expressly state that the letter/notice was "from a debt*

*collector attempting to collect a debt and that any information obtained will be used for that purpose."*

85. Plaintiff reserves the right to seek the formation of additional and varied classes and sub-classes, including classes and subclasses.

86. This action should be maintained as a class action pursuant to Rule 26 of the Federal Rules of Civil Procedure, governing class actions.

87. **Numerosity.** The members of the proposed classes are so numerous that separate joinder of each class member is impracticable.

88. **Commonality.** The claims or defenses of class representative Wayne Edson raise questions of law and fact that are common to the questions of law and fact of each class member.

89. **Typicality.** The claims or defenses of class representative Wayne Edson are typical of the claims and defenses of each class member.

90. **Adequacy.** Class representative Wayne Edson can fairly and adequately protect and represent the interests of each class member.

91. **Superiority.** The class action mechanism of Rule 23 is superior to individual-claim lawsuits.

92. If any conditions precedent to filing this lawsuit exist, they have been satisfied.

### COUNT 1 OF 3:
### FLORIDA WORKERS' COMPENSATION ACT ("FWCA");
### WAYNE FRANCIS EDSON, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED PERSONS, AGAINST ALL DEFENDANTS

93. Plaintiff incorporates by reference the allegations in above paragraphs 1 through 92.

94. Defendants have engaged in a systematic pattern and practice of violating the FWCA's strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida.

95. Plaintiff, on behalf of himself and similarly situated persons, seeks all damages in the premises under the FWCA, Florida Statutes, Chapter 440.13 *et seq.* Plaintiff, for himself and similarly situated persons, also seeks equitable relief, including an injunction against Defendants from further violations of the FWCA.

96. Plaintiff, on behalf of himself and similarly situated persons, seeks punitive damages because Defendant has intentionally and willfully ignored its obligations to refrain from sending bills and collection letters to workers' compensation claimants.

<u>**COUNT 2 OF 3:**</u>
**FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA");**
**WAYNE FRANCIS EDSON, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED PERSONS, AGAINST ALL DEFENDANTS**

97. Plaintiff incorporates by reference the allegations in above paragraphs 1 through 92.

98. Defendants have engaged in a systematic pattern and practice of violating the FWCA's strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida. This practice also violates the FCCPA.

99. Defendants also have violated FCCPA sections 559.55(3), 559.55(5), 559.72(7), 559.72(9), and 559.72(18).

100. Plaintiff, on behalf of himself and similarly situated persons, seeks all damages in the premises under the FCCPA, Florida Statutes, Chapter 559.55 *et seq*.

101. Pursuant to F.S. 559.77, Defendants are liable to Plaintiff and similarly situated persons for actual damages, additional statutory damages of $1,000.00 per class member, punitive

damages, costs and attorney's fees. Plaintiff, for himself and similarly situated persons, also seeks equitable relief, including an injunction against Defendant from further violations of the FCCPA.

102. Plaintiff, on behalf of himself and all similarly situated persons, seeks the aforementioned damages and all other damages recoverable under the FCCPA.

103. Plaintiff, on behalf of himself and similarly situated persons, seeks punitive damages because Defendants have intentionally and willfully ignored its obligations to refrain from sending bills and collection letters to workers' compensation claimants.

### COUNT 3 OF 3:
### FAIR DEBT COLLECTION PRACTICES ACT;
### WAYNE FRANCIS EDSON, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED PERSONS, AGAINST ALL DEFENDANTS

104. Plaintiff incorporates by reference the allegations in above paragraphs 1 through 92.

105. Defendants are "debt collectors" pursuant to 15 U.S.C. § 1692b because they use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

106. Alternatively, one or more Defendants are "debt collectors" pursuant to 15 U.S.C. § 1692b because one or more of them are creditors who, in the process of collecting tis/their own debts, uses a name other than its/their own which would indicate that a third person is collecting or attempting to collect such debts.

107. Defendants have violated 15 U.S.C. § 1692a, 15 U.S.C. §1692f(11), 15 U.S.C. §1692f(2)(A), 15 U.S.C. §1692f(5), 15 U.S.C. §1692f(10), 15 U.S.C. §1692f(14), and 15 U.S.C. §1692h(a)(1)-(5).

108. Plaintiff seeks an award of $1,000.00 in statutory damages per plaintiff and class member, a class representative award in an amount to be determined by the court, pre-judgment interest, post-judgment interest, punitive damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

109. WHERFORE, Plaintiff Wayne Edson prays that judgment be entered in favor or him and all similarly situated persons, and against all Defendants, jointly and solidarily, for all damages in the premises, including, but not limited to, statutory damages of $1,000 per class member, pre-judgment and post-judgment interest, punitive damages, costs and attorney's fees, as well as an injunction against Defendants to prevent further violations of the FWCA, the FCCPA, and the FDCPA.

## JURY DEMAND

110. Plaintiff, on behalf of himself and similarly situated persons, requests a jury trial for all issues so triable.

Respectfully submitted:

s/ Steven F. Grover

_____
Steven F. Grover (Fla. Bar No. 131296)
Steven F. Grover, P.A.
507 S.E. 11th Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
***Lead counsel/co-counsel for Plaintiffs***

s/ Joel A. Brown

_____
Joel A. Brown (Fla. Bar No. 0066575)
Friedman & Brown LLC
5371 N.W. 33 Ave., Suite 205
Fort Lauderdale, FL 33309
Tel.: 954-334-9100
E-mail: joelb@fblegal.com
***Co-counsel for Plaintiffs***